The Judges after hearing the arguments, were unanimous in this case, and Waties, J. delivered the opinion of the court which was substantially as follows:
That the cases quoted from Powell on Devises, very ¿].eariy evinced that the freehold of the land belonged to the heir at law, until a sale by the executors ; and that the power given to them, was a mere naked one, without any interest or even right of possession, and of course without even a right to a possessory action. But admitting all this was' given, to them by the will, why were not the suits brought in their names ? why in the name of the testator in the first, and in the name of the heir at law in the second action ?
If the right of possession was really in them, then both, the actions were wrong, and therefore neither of them binding on the present plaintiff. It would be sufficient, however, for the present plaintiff, if only one was wrong ; and if the case rested here we should have no power to put a stop to the action he is now bringing.
*117 But there is another ground, which was not relied on by 0 # the counsel, upon which we think we are bound to give judgment for the defendant.
It appears that the second suit which was brought by Robert Smith, the heir at law, in which there was a verdict for defendant, was in 1789 ; that suit was confessedly well brought, for the right to the possession of the freehold belonged to the heir until a sale by the executors. But it appears, that the present action has been commenced since May, 1794. The trespass complained of* is stated in the pleadings, to have been committed at that time ; the action therefore must have been brought since, which is five years after the first action to try title to the lands in question. But the act which has been pleaded in bar to this suit, requires “ that the plaintiff or any other person claiming under him, “ shall commence his second action within two years after u the first, otherwise he shall be for ever afterwards barred “ and prohibited from bringing such second action.” Now the claim of the present plaintiff is under the heir at law, Robert Smith, as well as the testator, Thomas Smith.
From the authorities before referred to in Powell, it appears that the right of the testator was not vested by the will in the executors, and as it could not be in abeyance, it must have remained in the heir until the executors devested him by a sale, and this is admitted by the plaintiff’s counsel.
The claim then of the present plaintiff, must come through Robert Smith, from the testator ; and although the conveyances are made to him by the executors, yet they have only executed a naked power, and the claim they have conveyed, is necessarily the same claim which belonged to Robert Smith, the heir at law, until the sale. As the present plaintiff is therefore one claiming under Robert Smithy against whom a verdict has already been found, and more than two years have elapsed since the determination of that *118 action, we are all of opinion, that he is barred by the act. which has been pleaded in bar to this action. This is no strained construction. If the act is fully examined, this will be found to be the only reasonable construction which can g"lven t0 it* Before the act was passed, a man had a j-jg^t only to one action of ejectment, for the recovery of ^an<^s* The common law right of bringing actions as often as he pleased, had long before been taken away by the limitation act, in 1712; and if a nonsuit or verdict went against him in one action, such nonsuit or verdict was, by the 4th section of the last mentioned act, definitive and conclusive against him.
See act of As-seniUy, jass-Lows fsO>l¿C
The act of 1744, however1, enlarges this right, and allows the plaintiff another chance of establishing his right, by a second action ; but it allows it upon condition, that he, or any other person claiming under him, shall commence it within two years after the determination of the first action: if he fails to do so, he loses all the benefit of this law. This act is not therefore in derogation of the common law right, which had been taken away before, by the act of 1712 ; and even if it was, we should not be willing to give it a strict construction on that account.
The right of suing indefinitely, toties quoties, &c. is a mischievous one, if unrestrained. The titles of our citizens must be tortured by unceasing litigation. The restriction therefore imposed by this act, is a wise and salutary one, and deserves rather to have a liberal construction.
It may be thought that we go too far, in taking a ground which was not insisted on by the defendant himself, and is not formally pleaded. But it is sufficient, if it appears substantially in the pleadings. If there is sufficient matter apparent in them, it is our duty to take notice of it. The want of form in setting it forth, unless specially demurred to, is not to be regarded, but the substantial merits of the case ; .and the courtis bound to give judgment according to the very right of the case ; and this is expressly enjoined *119 upon us, by the statute of Ann. which, is of force in this State.
For these reasons, we are all of opinion, that judgment should be for the defendant.
Present, BuRke, Grimke and Waties.
A7. B. For the proper understanding this case, it is necessary to inform the reader, that previous to the year 1791, the action of ejectment, had from time immemorial, been the action for trying titles to land in this country. But as that action depended upon a string of legal fictions, not generally understood, except by professional men, the legislature, by an act passed on the 19th of February, 1791, thought proper to change the mode of proceedings in land causes, from ejectment to the action of trespass ; in which, the real names of the real parties were to be mentioned in all the proceedings, and to declare that it should be as effectual for trying titles of lands in this state, as the former action of ejectment had been j that the jury should have the power to give damages for mesne profits in the same action, and upon the plaintiff’s entering up his judgment, on any verdict in his favour, he should, in addition to his execution for damages, have his writ of possession. In all other respects it was to have the same effect, as a recovery would have had in the former action of ejectment.

 The act for changing the action of ejectment into that of trespass, in order to try title to lands, passed February, 1791, which accounts for the different nature of the first and second actions mentioned in this case.